Received and E-Filed for Record
2/6/2024 4:57 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Blakeley Estes

## CAUSE NO. <u>23-12-17960</u>

| | | |
|---|---|---|
| **IVA OLIVER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **457th JUDICIAL DISTRICT** |
| | § | |
| **CVS PHARMACY, CVS PHARMACY** | § | |
| **CORRECTLY NAMED AS CVS** | § | |
| **PHARMACY, INC.,** | § | |
| **Defendants.** | § | **MONTGOMERY COUNTY, TEXAS** |

### <u>PLAINTIFF'S FIRST AMENDED PETITION</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** COMES NOW Iva Oliver, hereinafter called Plaintiff, complaining of and about CVS Pharmacy, CVS Pharmacy correctly named as CVS Pharmacy, Inc., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Due to the requirements of Texas Rule of Civil Procedure 47, Plaintiff states that the monetary relief sought is over $250,000 but not over $1,000,000. Plaintiff also intends to conduct discovery under Discovery Level 2 in accordance with the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2.      Plaintiff is an individual with a residence in Walker County, Texas.

3.      Defendant CVS Pharmacy is a foreign for-profit corporation doing business in Montgomery County, Texas that may be served by serving its registered agent, **<u>CT Corporation System</u>**, and may be served at **<u>1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136 USA</u>**, or wherever the agent may be found.   **<u>No service requested at this time.</u>**

4.      Defendant CVS Pharmacy correctly named as CVS Pharmacy, Inc. is a foreign for-

profit corporation doing business in Montgomery County, Texas that may be served by serving its registered agent, **CT Corporation System**, and may be served at **1999 Bryan St., Suite 900, Dallas, Texas, 75201-3136 USA**, or wherever the agent may be found.   <u>Plaintiff requests that citation be issued via eService or email to Plaintiff's counsel</u> and Plaintiff be allowed to serve Defendant via private process server. If service is not available in this manner, please mail the citation to Plaintiff's counsel.

## MISNOMER/ALTER EGO

5.      In the event any Parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification" or "misnomer" and/or such Parties are/were "alter egos" of Parties named herein. To that extent, Plaintiff asserts the alter ego doctrine and contends that all existing "corporate veils" should be pierced in the interest of justice to hold accountable all those who failed to operate their business(es) in accordance with customary terms and measures. Plaintiff will accordingly seek damages from any individual business-owner-Defendants who forfeited the typical corporate or business protections afforded to such entity.

## JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      This court has jurisdiction over Defendants because said Defendants are a Texas entity doing business in Texas.

8.      Venue in Montgomery County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

9.      On or about December 7, 2021, Plaintiff was a customer and a business invitee of

the CVS Pharmacy Store #10996 located at 9663 W. FM 1097 Road, Willis, Texas, 77318.

Defendants owned, operated, and controlled this store and the premises on the date of incident.

10.     Plaintiff was exiting the store with her husband. The flooring around the exit was

uneven and had no signs or indicators to warn customers of the hazardous condition. Plaintiff's

husband was helping push Plaintiff and her rollator to the store's front doors, when her rollator

wheels got stuck on the uneven flooring, causing Plaintiff to abruptly fall backwards and onto the

ground. As a result of Defendants' negligent conduct, Plaintiff sustained substantial injuries to her

person and was forced to incur physical and economic damages.

## RES IPSA LOQUITUR

11.     Because Defendants was in exclusive control over the flooring at the time of this

injury, Plaintiff relies on the doctrine of *res ipsa loquitur* in that Plaintiff will show that the

character of the occurrence giving rise to this litigation is such that it would not have happened in

the absence of negligence, and that the maintenance and safety of the flooring was within the

exclusive control of the Defendants at the time the negligence occurred.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANTS

12.     Plaintiff asserts liability under the doctrine of respondeat superior, in that Plaintiff

was injured as a result of Defendants' employees' acts or omissions while in the course and scope

of employment with Defendants, and at the time of said acts or omissions, Defendants' employees

were acting in the course and scope of their employment of Defendants. Accordingly, Defendants

is liable for the aforementioned acts or omissions.

## PLAINTIFF'S CLAIM OF PREMISES LIABILITY AGAINST DEFENDANT

13.     Defendants owned and controlled the premises, managed the premises, and

operated the restaurant where Plaintiff was injured.

14.     At all relevant times, Plaintiff was a business invitee of Defendants in that she was at Defendants' property for Defendants' benefit. Plaintiff was an invitee and Defendants owed a duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises and to warn said Plaintiff of their existence.

15.     Defendants, by and through their agents, servants, and or employees, negligently allowed the premises to become dangerous, negligently permitted such dangerous condition to exist, and negligently failed to warn Plaintiff of the dangerous condition of the premises, despite the fact that Defendants, its agents, servants, and/or employees, knew, or in the exercise of ordinary care, should have known of the existence of the dangerous condition of the premises and its potential for injury. Plaintiff further alleges that the unreasonably dangerous condition of the premises was created by Defendants and/or had continued for such a period of time that it should have been noticed and removed if Defendants, their agents, servants, and employees had exercised ordinary care in the operation and maintenance of the premises.

16.     The incident and Plaintiff's injuries were proximately caused by the negligence of Defendants acting by and through its employees, servants, and agents in one or more of all of the following particulars, but not to the exclusion of other means not mentioned:

> A.     Failing to inspect and maintain the area whereon Plaintiff was injured;
>
> B.     Failing to implement adequate policies and procedures for the inspection and maintenance of the area wherein Plaintiff was injured;
>
> C.     Failing to act to protect Plaintiff and the general public from harm;
>
> D.     Failing to warn Plaintiff of a potentially unreasonably dangerous condition on the property;
>
> E.     Failing to take reasonable measures to protect Plaintiff and other invitees from foreseeable risk of harm;
>
> F.     Permitting the premises in question to remain in an unreasonably dangerous

condition;

G.      Failing to adequately secure the area where the incident that made the basis of this lawsuit occurred;

H.      Failing to have policies and procedures in place to locate areas that create a danger to its customers;

I.      Failing to utilize warning sign and hazard signs to notify patrons of an unreasonably dangerous condition; and

J.      Failing to isolate an unreasonably dangerous condition.

17.     In addition, Defendants knew, or should have known, that a dangerous condition existed. However, Defendants failed to inspect the floor, failed to discover the dangerous condition, failed to restrict customers from the area, or otherwise remedy the condition, and failed to warn of these conditions. These acts and/or omissions were a proximate cause of Plaintiff's injuries and damages.

## DAMAGES FOR PLAINTIFF

18.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer both physically and financially and to incur the following damages:

A.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Montgomery County, Texas;

B.      Physical pain and suffering in the past;

C.      Physical impairment in the past;

D.      Loss of earning in the past; and

E.      Mental anguish suffered in the past.

## RULE 193.7 NOTICE

19.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives

actual notice to Defendants that any and all documents produced may be used against them at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**STANLEY AND ASSOCIATES, PLLC**
2600 K Avenue, Suite 180
Plano, TX 75074
Tel. (214) 570-4944
Fax (214) 540-4561

By:   */s/ Dustin Brown*
Dustin Brown
Texas Bar No. 24076985
dustin@seriousinjury.legal
Attorney for Plaintiff

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dustin Brown on behalf of Dustin Brown
Bar No. 24076985
dustin@seriousinjury.legal
Envelope ID: 84218771
Filing Code Description: Amended Petition
Filing Description: Plaintiff's First Amended Petition
Status as of 2/8/2024 8:04 AM CST

Associated Case Party: Iva Oliver

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Bertha A.Ruiz | | bertha@seriousinjury.legal | 2/6/2024 4:57:14 PM | SENT |
| Dustin Brown | | dustin@seriousinjury.legal | 2/6/2024 4:57:14 PM | SENT |